UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

                                       Criminal Case No. 17-20469

v.

Gregory Hendon,                         Sean F. Cox
                                               United States District Court Judge

    Defendant.
_____/

## ORDER TERMINATING
## APPOINTMENT OF SECOND COUNSEL FOR DEFENDANT

In this criminal action, Defendant Gregory Hendon has been charged in an indictment with a crime for which the authorized punishment is death. As such, pursuant to 18 U.S.C. § 3005, this Court issued an "Order Of Appointment Of Second[1] Counsel" on July 12, 2018. (ECF No. 75). In that order, this Court appointed a second counsel for Defendant, one who is "learned in the law applicable to capital cases," attorney Brian M. Pierce. This Court's order expressly stated that his "appointment is subject to termination if the death penalty is not authorized by the Department of Justice." (*Id.*).

On September 6, 2019, the Government filed a "Notice Of Decision Not To Seek The Death Penalty" in this case. (ECF No. 184).

The statute at issue, § 3005, is silent as to whether a defendant may still be entitled to the appointment of the learned counsel if the Government decides that it will not seek the imposition

---

[1] Defendant was already represented by Attorney Craig Daly when the Court issued the order.

1

of the death penalty against the defendant.  *United States v. Ledbetter*, 107 F.Supp.3d 849, 852 (S.D. Ohio 2015).  While it appears that the Sixth Circuit has not yet addressed the issue, the vast majority of the circuits to have considered the issue "have held that when the government decides not to seek the death penalty, defendants no longer have a statutory right to a second court-appointed counsel who is learned in capital cases, because the matter is no longer a capital case within the meaning of § 3005."  *Id. ; see also United States v. Douglas*, 525 F.3d 225, 237 (2d Cir. 2008);  *United States v. Casseus*, 282 F.3d 253, 256 (3d Cir. 2002);  *United States v. Shepher,* 576 F.2d 719, 729 (7th Cir. 1978);  *United States v. Weddell,* 567 F.2d 767, 770 (8th Cir. 1977); *United States v. Waggoner*, 339 F.3d 915, 918 (9th Cir. 2003); *United States v. Grimes*, 142 F.3d 1342, 1347 (11th Cir. 1998).

Nevertheless, it appears that a district court still has the "discretion to decide whether to retain the learned counsel after the Government's declination to seek the death penalty." *Ledbetter, supra,* at 853.

Having considered the relevant facts and circumstances of this case, the Court declines to retain the learned counsel appointed in this case, who resides in another state.[2]

Accordingly, **IT IS ORDERED** that the Court hereby **TERMINATES** the appointment of Brian M. Pierce as second counsel for Defendant in this case.

---

[2] The Court notes that at a Status Conference held on September 6, 2019, Mr. Daly expressed that he believes this case requires two attorneys.  While this Court does not believe that this case warrants retaining the out-of-state learned counsel that was previously appointed, this Court will entertain a motion seeking the appointment of local counsel to serve as a second attorney for Defendant.

**IT IS SO ORDERED.**

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: September 6, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2019, by electronic and/or ordinary mail.

                                              s/Erica Karhoff on behalf of Jennifer McCoy
                                              Case Manager